UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**KHALIL COLEMAN**                                                                                  **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO. 1:23-CV-P29-JHM**

**TODD COUNTY DETENTION CENTER**                                   **DEFENDANT**

**MEMORANDUM OPINION**

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A.[1] For the reasons set forth below, the Court will dismiss this action.

**I.**

Plaintiff sues Todd County Detention Center (TCDC). In the "Defendants" section of the complaint form, Plaintiff also indicates that he is suing TCDC Jailer Todd Pennick in his official capacity only.

Plaintiff alleges that he was transferred to TCDC in December 2022 and that he was transferred from TCDC to Wayne County Detention Center in January 2023.

He makes the following allegations concerning TCDC in the complaint:

In December 2022 I was transferred to [TCDC], where there was no legal materials available to review case law, statutes, etc. to meet any needs for a direct appeal or post conviction motion pending. Again, I've filed request and grievances to get law materials and . . . was transferred for punishment after 2 weeks once jail responding to meet my request and grievances.

As relief, Plaintiff seeks damages and injunctive relief "by enforcing law library."

---

[1] This action was severed from *Coleman v. Kenton Cnty. Det. Ctr.*, No. 3:23-cv-P86-JHM, in which Plaintiff sued Kenton County Detention Center, Meade County Detention Center, Todd County Detention Center, Wayne County Detention Center, and the Kentucky "Department of Corrections." The only Defendant in the instant action is Todd County Detention Center; thus, the only allegations the Court considers from the complaint in this initial review are Plaintiff's allegations against Todd County Detention Center.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 544 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to

the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Court construes Plaintiff's allegations as asserting a claim under the First Amendment for denial of access to the courts based on Plaintiff's lack of access to a law library and/or legal resources at TCDC. Prisoners do not have a right to a law library but do have a constitutional right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Lewis v. Casey*, 518 U.S. 343, 350 (1996). To state a viable claim for denial of access to the courts, however, a prisoner must demonstrate he suffered "actual injury" as a result of particular actions of prison officials. *Lewis*, 518 U.S. at 351. Actual injury requires a showing that a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Id.* at 356; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (stating that an inmate must show, "for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim"). "[T]he underlying cause of action, whether anticipated or lost, is an element

3

that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

Although Plaintiff states that he needed access to legal materials while at TCDC to "meet any needs for a direct appeal or post conviction motion pending," the Court finds that this vague allegation fails to show actual injury under the above standard.[2] Thus, Plaintiff's claim for denial of access to the courts must be dismissed for failure to state a claim upon which relief may be granted.

As to Plaintiff's request for injunctive relief concerning a law library, because he is no longer incarcerated at TCDC, his request is moot. *See, e.g., Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (concluding that inmate's claims for declaratory and injunctive relief were rendered moot upon inmate's transfer from the prison about which he complained); *Henderson v. Martin*, 73 F. App'x 115, 117 (6th Cir. 2003) ("[A] prisoner's claim for declaratory and injunctive relief against certain prison officials [becomes] moot once the prisoner [is] transferred from the prison of which he complained to a different facility.").

Finally, to the extent that Plaintiff intended to assert any other claim against TCDC in this action, the Court finds that his allegations are simply too vague and lack "sufficient factual matter" to state any other claim upon which relief may be granted. *Iqbal*, 556 U.S. at 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

---

[2] The Court additionally notes that in one of the cases which was severed from this action, Plaintiff's case against Wayne County Detention Center, Plaintiff also asserted a claim of denial of access to the courts based upon the jail's lack of legal resources. In its initial review of that action pursuant to § 1915A, the court observed that although Plaintiff alleged that he was impeded in his efforts to file a post-conviction motion in his state-court criminal action, Plaintiff's counsel filed such a motion in August 2022. The court then concluded that because Plaintiff was represented by counsel at that time, his right of access to the courts was satisfied as a matter of law. *See Coleman v. Wayne Cnty. Det. Ctr.*, No. 6:23-00033-GFVT, 2023 U.S. Dist. LEXIS 40574, at *8-9 (E.D. Ky. Mar. 10, 2023) (citing *Holt v. Pitts*, 702 F. 2d 639, 640 (6th Cir. 1983) ("It is clear that counsel was appointed to represent him in both federal and state actions pending against him. As a matter of law, therefore, the state fulfilled its constitutional obligation to provide him with full access to the courts.")).

## IV.

The Court will enter a separate Order dismissing this action for the reasons set forth herein.

Date: July 5, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.011